UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL COPENHAVER,<br><br>    Defendant. | 1:12-cv-01726-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(Docs. 7, 9, 10, 20.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

## I. BACKGROUND

Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on October 19, 2012.  (Doc. 1.)  On November 13, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 5.)

On November 13, 2012 and December 17, 2012, Plaintiff filed motions for preliminary injunctive relief.  (Docs. 7, 9, 10, 20.)

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v.

Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

In Plaintiff's motions, he requests court orders requiring prison staff to provide him with pens, paper, mailing supplies, and copies of court rules; to stop all retaliation against him; to mail his outgoing mail and supply needed documents to the court; and to order copies of Plaintiff's birth certificate and Social Security card. Plaintiff also requests court orders prohibiting the Bureau of Prisons from transferring him to another facility, moving him to another cell, or placing any other inmate in Plaintiff's cell. Plaintiff also requests court orders prohibiting prison staff from placing him in hand or foot restraints unless he is leaving the prison; requiring officers to escort him unrestrained anywhere outside his locked cell; and allowing Plaintiff to exercise his Second Amendment right to defend himself.

///

By separate order, the Court dismissed Plaintiff's First Amended Complaint for violation of Local Rule 220, and Plaintiff has been granted leave to file a Second Amended Complaint within thirty days. At this juncture, the Court does not yet have before it an actual case or controversy, nor does the Court have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727. Therefore, Plaintiff's motions for preliminary injunctive relief must be denied.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for preliminary injunctive relief, filed on November 13, 2012 and December 17, 2012, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 2, 2013**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE