UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW JAMES DURY, | ) | 1:12-cv-01726-LJO-GSA-PC |
| Plaintiff, | ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF LOCAL RULE 220, WITH LEAVE TO AMEND (Doc. 5.) (Resolves Doc. 25.) |
| vs. | ) ) | |
| PAUL COPENHAVER, | ) ) | |
| | ) ) | ORDER FOR CLERK TO SEND § 1983 COMPLAINT FORM TO PLAINTIFF |
| Defendant. | ) ) | |
| | ) ) ) ) | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

## I. BACKGROUND

Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on October 19, 2012. (Doc. 1.) On November 13, 2012, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 5.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  While factual allegations are accepted as true, legal conclusions are not. Id. at 678.

### III.    LOCAL RULE 220 - CHANGED PLEADINGS

Local Rule 220 provides, in part:

> "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

L. R. 220.  As a general rule, an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012)(en banc).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, an amended complaint must be complete in itself without reference to any previous complaint, and each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's First Amended Complaint makes reference to information contained in the original Complaint filed on October 19, 2012, stating, "As stated in original complaint thease (*sic*) three Officers Violated Title 18 § 1001 by filing a false or fraudulent report." (First

2

Amended Complaint, Doc. 5 at 3 ¶IV.)  Therefore, the First Amended Complaint fails to comply with Local Rule 220 and shall be dismissed, with leave to amend.

## IV.  CONCLUSION AND ORDER

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  Therefore, although the Court shall dismiss the First Amended Complaint for failure to comply with Local Rule 220, Plaintiff shall be provided with time to file a Second Amended Complaint curing the deficiencies identified above.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must set forth "sufficient factual matter to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d, 930, 934 (emphasis added).

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner.

Plaintiff should also note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after October 19, 2012.  In addition, Plaintiff should take care to include only those claims for which he exhausted his administrative remedies prior to the initiation of this suit on October 19, 2012.

Finally, as discussed above, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  Lacey, 693 F. 3d at 907 n.1.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a § 1983 civil rights complaint form;
2. Plaintiff's First Amended Complaint is dismissed for failure to comply with Local Rule 220, with leave to file a Second Amended Complaint within **thirty (30) days** from the date of service of this order;
3. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:12-cv-01726-LJO-GSA-PC; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 2, 2013**                              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE