UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW JAMES DURY, | ) | 1:12-cv-01726-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR DEFAULT |
| vs. | ) | JUDGMENT AS PREMATURE |
| | ) | (Docs. 23, 24.) |
| PAUL COPENHAVER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I.     BACKGROUND

Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on October 19, 2012.  (Doc. 1.)  On November 13, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 5.)  On April 3, 2013, the Court dismissed the First Amended Complaint for violation of Local Rule 220, with leave to amend.  (Doc. 27.)  To date, Plaintiff has not filed the Second Amended Complaint.

On December 17, 2012 and January 22, 2013, Plaintiff filed motions for default judgment. (Docs. 15, 17.)

///

1

## II.     ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

Plaintiff's motions for default judgment are premature because Defendant has not been served in this action. The Court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint as required by 28 U.S.C. § 1915A and determined that it contains cognizable claims for relief against the named defendants. Thus, the time limits set forth in Rule 4 are inapplicable until such time as the Court determines the complaint states cognizable claims for relief. In light of the fact that Plaintiff's First Amended Complaint was dismissed with leave to amend on April 3, 2013, and Plaintiff has not yet filed the Second Amended Complaint, the Court's requisite screening process is not

completed. Therefore, Plaintiff's motions for default judgment are premature and shall be denied as such.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for default judgment, filed on December 17, 2012 and January 22, 2013, are DENIED as premature.

IT IS SO ORDERED.

Dated: __**April 13, 2013**__                     __**/s/ Gary S. Austin**__
                                                  UNITED STATES MAGISTRATE JUDGE