UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW JAMES DURY, | ) | 1:12-cv-01726-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS, |
| | ) | RECOMMENDING THAT PLAINTIFF'S |
| vs. | ) | MOTION FOR PRELIMINARY |
| | ) | INJUNCTIVE RELIEF BE DENIED |
| PAUL COPENHAVER, | ) | (Doc. 18.) |
| | ) | |
| | ) | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendant. | ) | |
| | ) | |

**I. BACKGROUND**

Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on October 19, 2012. (Doc. 1.) On November 13, 2012, Plaintiff filed the First Amended Complaint. (Doc. 5.)

On November 26, 2012, Plaintiff filed a "Motion for a Notice to the Court" which the Court construes as a motion for preliminary injunctive relief. (Doc. 18.)

**II. PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v.

1

Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

In Plaintiff's motion, he requests a court ruling on his allegations of conduct by prison officials occurring after this case was filed.  Plaintiff alleges that on November 17, 2012, following orders by Defendant, Lieutenant Zaragoza assaulted Plaintiff and seized his personal property, to prevent Plaintiff from communicating with the Court and cause Plaintiff to default on his cases by failing to comply with court orders.  Plaintiff also alleges that as of November 20, 2012, he had not received any medical treatment for injuries sustained on November 17, 2012 at the hands of staff.  Plaintiff claims that the Defendant's actions are proof that Plaintiff has no defense, and the court must rule immediately for the Plaintiff.

By separate order, the Court dismissed Plaintiff's First Amended Complaint for violation of Local Rule 220, and Plaintiff has been granted leave to file a Second Amended

Complaint within thirty days. At this juncture, the Court does not yet have before it an actual case or controversy, nor does the Court have jurisdiction over Defendant in this action. <u>Zepeda</u>, 753 F.2d at 727. Moreover, the order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. This action is proceeding against defendants based on events occurring before he filed this action in October 2012. Plaintiff now requests a court order protecting him from present actions. Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed on November 26, 2012, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 13, 2013**                         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE